IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN HARRIS,

    Plaintiff,　　　　　　　　No. 2: 12-cv-0838 GEB DAD P

  vs.

TIM VIRGA, et al.,

    Defendants.　　　　　　　　FINDINGS AND RECOMMENDATIONS

_____/

    Plaintiff is a state prisoner proceeding *pro se* with a complaint filed pursuant to 42 U.S.C. § 1983. He has also filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

    The federal in forma pauperis statute includes a limitation on the number of actions in which a prisoner can proceed in forma pauperis. The statute provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [§ 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). On October 3, 2012, the court issued an order noting that plaintiff has on at

1

least three occasions filed lawsuits in this court that were dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted. (See Dkt. No. 8 at p. 1-2 ("Harris v. Edmonds, Civ. No. 00-5857 OWW LJO (E.D. Cal. Nov. 27, 2000) (order dismissing action for failure to state a claim upon which relief may be granted); Harris v. Edmonds, Civ. No. 00-7160 REC SMS (E.D. Cal. May 24, 2002) (order dismissing action for failure to state a claim); and Harris v. Pliler, Civ. No. 01-1125 WBS DAD (E.D. Cal. March 15, 2002) (order dismissing action for failure to state a claim)").

There is an exception to the three-strike bar of § 1915(g) which allows a prisoner to proceed with a civil action despite three prior qualifying dismissals where the prisoner is under imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1056-57 (9th Cir. 2007). However, the imminent danger exception applies only "if the complaint makes a *plausible* allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Id. at 1055 (emphasis added).

Plaintiff's complaint alleges a claim of personal injury arising from the adverse side effects caused by "valproate" and that his medical records have been falsified. (See Dkt. No. 1 at p. 3.) However, he has failed to allege how these purported side effects cause him to face "imminent danger of serious physical injury" or how the purported falsification of his medical records cause him to face imminent danger of serious physical injury. In his complaint plaintiff does allege that his mail was given to another inmate. However, this alleged diversion of his mail does not plausibly suggest that plaintiff is facing an imminent danger of serious physical injury.

The court's October 3, 2012, order to show cause provided plaintiff an opportunity to explain how he had met the imminent danger provision of § 1915(g) and why his in forma pauperis application should not be denied pursuant to 28 U.S.C. § 1915(g). Plaintiff responded to the order to show cause with a description of a December 20, 2011 cell extraction during which, he alleges, he was subjected to excessive force. (See Dkt. No. 9 at p. 2-3.)

1 Plaintiff's description of this alleged incident wholly unrelated to the allegations of his complaint
2 fails to explain how he is under threat of imminent danger of serious physical injury arising out
3 of the allegations of his complaint.  See Andrews, 493 F.3d at 1055 ("the exception applies if the
4 *complaint* makes a plausible allegation. . .") (emphasis added).  Furthermore, describing one
5 incident of excessive force that purportedly occurred approximately four months prior to the
6 filing of the complaint in this civil rights action is insufficient to demonstrate that plaintiff is
7 under imminent danger of serious physical injury as a result of the conditions he complains of in
8 his complaint.  See, e.g., id. ("we believe that requiring a prisoner 'to allege [ ] an ongoing
9 danger' . . . is the most sensible way to interpret the imminency requirement") (citation omitted).
10 Therefore, Plaintiff should be precluded from proceeding in forma pauperis and dismissal of this
11 action is appropriate.

        Accordingly, IT IS HEREBY RECOMMENDED that:

        1.  Plaintiff's motion to proceed in forma pauperis (Dkt. No. 7.) be DENIED pursuant to 28 U.S.C. § 1915(g); and

        2.  This action be dismissed without prejudice.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 17, 2012.

DAD:dpw
harr0838.57

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

3